UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA J. KRUEGER and
MARVIN KRUEGER,

Plaintiff,

vs. Case No. 16-13493

UNITED STATES OF AMERICA, HON. AVERN COHN

Defendant.
_______________________________________/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT (Doc. 3)**[1]

I. Introduction

This is a case under the Federal Tort Claims Act, 28 U.S.C. § 2671 (FTCA). Plaintiffs Norma Krueger and her husband, Marvin Krueger are suing defendant United States of America (the government) regarding a car accident with a postal truck. The complaint is in two counts:

Count I - negligence
Count II - loss of consortium

Before the Court is the government's motion to dismiss count II on the grounds that it is time-barred. For the reasons that follow, the motion will be granted.

II. Background

Norma J. Krueger and Marvin Krueger were involved in a car accident on October 30, 2013.

[1]Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Plaintiffs claim that a United States Postal Service employee, acting in the course of employment, negligently caused the accident, injuring Norma Krueger.

Marvin Krueger does not assert that he was injured in the auto accident. Rather, he seeks damages for a loss of companionship, comfort, aid, support, and participation in the marital relationship stemming from injuries to his wife.

Marvin Krueger presented an administrative claim for his injuries to the Postal Service on May 29, 2014.

The Postal Service denied Plaintiff Marvin Krueger's administrative claim on December 14, 2015.

Plaintiffs filed their complaint on September 27, 2016.

## III. Legal Standard

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. The Rule requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

In ruling on a motion to dismiss, the Court may consider the complaint as well as

(1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).

IV. Discussion

A.

"The United States, as sovereign, is immune from suit save as it consents to be sued[.]" United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of the national government's immunity from suit for torts committed by federal employees and places several conditions on the waiver. Ellison v. United States, 531 F.3d 359, 361 (6th Cir. 2008). Two such conditions are the two separate limitations periods set forth in Section 2401(b) of the FTCA, the latter of which is at issue in the instant motion:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The Sixth Circuit has held that a plaintiff must meet both of these limitations periods in order to have plead a viable FTCA suit. Ellison, 531 U.S. at 361.

B.

The government says that although Marvin Krueger met 28 U.S.C. § 2401(b)'s first limitations period when he filed his administrative claim within two years of its accrual, he did not meet the second limitations period because he did not file suit within

six-months of the final denial of his administrative claim. The Court agrees. The Postal Service denied Marvin Krueger's administrative claim on December 14, 2015. Plaintiffs then waited more than 10 months before filing suit. As such, his claim is clearly untimely.

Plaintiffs, however, say that (1) Marvin Krueger's claim was derivative of Norma Krueger's timely claim and therefore should be deemed timely. This argument does not carry the day. Michigan law is clear that a claim for loss of consortium is an independent action. See Eide v. Kelsey-Hayes Co., 431 Mich. 26, 29, 427 N.W.2d 488, 489 (1988) ("Thus, [Michigan] courts have consistently treated loss of consortium not as an item of damages, but as a separate cause of action.").

The Sixth Circuit rejected a similar argument in Rucker v. U.S. Dep't of Labor, 798 F.2d 891 (6th Cir. 1986). In Rucker, the plaintiff argued that a husband and wife had exhausted their administrative remedies when the husband filed an administrative claim and listed his wife on his claim but his wife did not submit her own administrative claim. The Sixth Circuit disagreed and "conclude[d],as have other courts that have addressed precisely this issue, that identifying a claimant's wife on a Standard Form 95, without more, is not sufficient to fulfill the jurisdictional requirement of 28 U.S.C. § 2675(a)." Rucker, 798 F.3d at 893. See also Withrow v. United States, 2005 WL 2403730, at *7 (E.D. Ky. Sept. 28, 2005) ("The Sixth Circuit has held that merely identifying a spouse on a claim form does not satisfy the section 2675(a) requirement of filing an administrative claim with the appropriate agency for loss of spousal consortium, thus not providing adequate notice of a claim.")

Here, Marvin Krueger properly filed his own administrative claim. His claim

covers any and all damages that he sustained in the auto accident. However, as in Rucker, he cannot rely on Norma Krueger's timely claim to render his separate claim timely.

Plaintiffs also argue that they are entitled to equitable tolling to excuse the untimely filing. In United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015), the Supreme Court held that "the FTCA's time bars are nonjurisdictional and [are] subject to equitable tolling." However, courts apply equitable tolling "sparingly" in the FTCA context and do not equitably toll the FTCA's limitations period "when there has only been a garden variety claim of excusable neglect." Bazzo v. United States, 494 F. App'x 545, 547 (6th Cir. 2012) (quoting Chomic v. United States, 377 F.3d 607, 615 (6th Cir. 2004)). The party seeking equitable tolling "bears the burden of proving entitlement to it." Bazzo, 494 F. App'x at 547 (quoting Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010)).

The Sixth Circuit considers the following five factors when determining whether equitable tolling is available to a plaintiff under the FTCA:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

Jackson v. United States, 751 F.3d 712, 719 (6th Cir. 2014).

Plaintiffs have failed to show that they are entitled to equitable tolling under the five factors listed above. Marvin Krueger had actual notice in the denial letter of December 14, 2015, that he had six months within which to act. He did not act within

that time. Moreover, plaintiffs had no trouble meeting the deadlines for pursuing Norma Krueger's claim. At best, Marvin Krueger's failure to timely file suit is a "garden variety claim of excusable neglect" to which equitable tolling does not apply. Irwin v. Dep't of Veterans Affairs, 489 U.S. 89, 96 (1990).

V. Conclusion

Because Marvin Krueger did not file a law suit within six months of the final denial of his administrative claim, his claim is untimely. Accordingly, the government's motion to dismiss is GRANTED. Count II is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2017
Detroit, Michigan